UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA

VERSUS                                           CRIMINAL ACTION

ARNOLD H. THOMAS                                 NUMBER 11-8-BAJ-SCR

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.
In accordance with 28 U.S.C. §636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Baton Rouge, Louisiana, December 6, 2013.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA

VERSUS                                    CRIMINAL ACTION

ARNOLD H. THOMAS                          NUMBER 11-8-BAJ-SCR

### MAGISTRATE JUDGE'S REPORT

Before the court is the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody filed by petitioner Arnold H. Thomas.

For the reasons which follow, the petitioner's § 2255 motion should be denied.

### I. Procedural History

On October 26, 2011, the petitioner pled guilty to one count Wire Fraud in violation of 18 U.S.C. § 1343 (Count 4), and one count Aggravated Identity Theft in violation of 18 U.S.C. § 1028A (Count 10). Petitioner was sentenced to serve a total term of 94 months of imprisonment in the custody of the United States Bureau of Prisons, the term of imprisonment to run consecutively to the defendant's imprisonment in case number 2010CF10499, Duval County Circuit Court, Jacksonville, Florida, then followed by a two-year term of supervised release on count 4 and a one-year term of supervised release on count 10, the terms to run concurrently.

Judgment was entered on April 2, 2012. Petitioner did not appeal.

Petitioner signed his § 2255 motion on March 12, 2013, and it was filed on March 18, 2013. Petitioner asserted three grounds for relief:

Ground One: he was denied effective assistance of counsel when counsel failed to inform him about the appeal waiver contained in the plea agreement;

Ground Two: he did not understand the appeal waiver contained in the plea agreement and is unaware whether the court questioned him during the re-arraignment hearing about the appeal waiver; and,

Ground Three: he was denied effective assistance of counsel when counsel failed to correct the court's erroneous factual assertion during sentencing which resulted in the court's failure to grant a downward departure.

Petitioner's § 2255 motion was filed timely. No evidentiary hearing is required.

## II. Applicable Law and Analysis

There are four grounds upon which a federal prisoner may move to vacate, set aside, or correct his sentence: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; and, (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; *Hill v. United States*, 368 U.S. 424, 426-27, 82 S.Ct. 468, 470-71 (1962).

**A. Grounds One and Two - Waiver**

In Ground One the petitioner argued that he was denied effective assistance of counsel when counsel failed to inform him regarding the appeal waiver contained in the plea agreement.

In Ground Twohis second ground for relief, the petitioner argued that his guilty plea was not knowing and voluntary. Specifically, the petitioner argued that he did not understand the appeal waiver contained in the plea agreement.

To address these grounds for relief the court must first address the validity of the petitioner's guilty plea.  Rule 11, Fed.R.Crim.P., ensures that a guilty plea is knowing and voluntary by requiring the district court to follow certain procedures before accepting it.[1]  *United States v. Reyes*, 300 F.3d 555, 558 (5th Cir. 2002).  Petitioner has the burden to show (1) there is an error, (2) that is clear and obvious, and (3) that the error affects his substantial rights.  *United States v. Marek*, 238 F.3d 310, 315 (5th

---

[1] Rule 11(b)(1) provides, in pertinent part, as follows:
   Before the court accept a plea of guilty or nolo contendere,... the court must inform the defendant of, and determine that the defendant understands, the following:
...
   (G) the nature of each charge to which the defendant is pleading;
   (H) any maximum possible penalty ...;
   (I) any mandatory minimum penalty;
...
   (M) in determining the sentence, the court's obligation to calculate the applicable sentencing-guideline range and to consider that range, possible departures under the Sentencing Guidelines, and other sentencing factors ...

Cir. 2002).

Petitioner was re-arraigned on October 26, 2011, represented by Charles L. Truncale. Petitioner was placed under oath[2] and questioned by the court. Petitioner pled guilty to counts 4 and 10.[3]

During the Rule 11 colloquy, the district judge informed the petitioner of the charges against him to which he intended to plead guilty.[4] The district judge verified that the petitioner fully understood the charges against him and the sentencing ramifications of his guilty plea.[5] Petitioner acknowledged that he had not been influenced, induced or persuaded to plead guilty because of any promise of leniency made by anyone other than what was contained in the plea agreement.[6] Petitioner acknowledged that he had not been influenced, induced or persuaded to plead guilty because of any threats made against him by anyone.[7] Petitioner advised the court that he was satisfied with the advice and services of his

---

[2] Record document number 40, Transcript of Re-arraignment, p. 3.

[3] *Id.* at 5-6. The remainder of the counts of the indictment were dismissed on motion of the United States.

[4] *Id.* at 6-13.

[5] *Id.*

[6] *Id.* at 17.

[7] *Id.* at 18.

4

attorney.[8]  Petitioner acknowledged that he fully understood the agreement and entered into the plea agreement knowingly, voluntarily and with advice of counsel.[9]  Petitioner specifically acknowledged that he had discussed the appeal waiver with counsel and understood that the plea agreement contained a waiver of rights to appeal or seek collateral review of his conviction and sentence with limited exceptions.[10]

The record clearly shows that the petitioner was adequately informed and was aware of the consequences of his plea. Petitioner's plea was voluntary, knowing and intelligently entered.

Petitioner argued that he received ineffective assistance of counsel when counsel failed to inform him regarding the appeal waiver contained in the plea agreement.  Petitioner's bald assertion is not supported by the record.

First, the plea agreement itself contains notice of the appeal waiver.[11]  Both the petitioner and his counsel signed the agreement.[12]  Second, during the re-arraignment hearing, the contents of the plea agreement were summarized, including paragraph

---

[8] *Id.*

[9] *Id.* at 18-34.

[10] *Id.* at 23-25; 30-32.

[11] Record document number 21, p. 3, ¶ 8.

[12] *Id.*, at 8.

eight of the plea agreement which contained the waiver.[13]  Finally, the court further reviewed the ramifications of the appeal waiver.[14] Petitioner advised the court that he discussed the waiver with his attorney,[15] he was satisfied with the advice his attorney gave him with respect to the waiver,[16] he had no questions regarding the waiver,[17] and that he was satisfied that he understood all of the terms of the plea agreement, including the waiver.[18]

The record shows that the petitioner knowingly and voluntarily agreed to the appeal waiver, making the appeal waiver enforceable. *See United States v. McKinney*, 406 F.3d 744, 746 (5th Cir. 2005).

**B. Ground Three: Ineffective Assistance of Counsel - Waiver**

In Ground Three the petitioner argued that he was denied effective assistance of counsel when counsel failed to inform the district judge that he erred when he relied on inaccurate material facts during sentencing.  Petitioner argued that as a result the judge failed to grant him a downward departure.

---

[13] Record document number 40, pp. 23-25.

[14] *Id*. at 30-32.

[15] *Id*. at 31.

[16] *Id*.

[17] *Id*. at 32.

[18] *Id*. at 32-33.

The United States Court of Appeals for the Fifth Circuit has held that a defendant may waive his right to 28 U.S.C. § 2255 post-conviction relief if the waiver was knowing and voluntary. *United States v. White*, 307 F.3d 336, 343-44 (5th Cir. 2002) (citing *United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994)). For such a waiver to be knowing and voluntary, a defendant must understand that he has a right to collateral review and that he is giving up that right. *United States v. Jacobs*, 635 F.3d 778, 781 (5th Cir. 2011)(citation and quotation omitted).

An ineffective assistance of counsel claim may defeat a waiver where the alleged ineffective assistance "directly affects the validity of the waiver." *White*, 307 F.3d at 339, 343. "A claim of ineffective assistance of counsel at any other stage, such as sentencing, cannot overcome a knowing and voluntary plea or waiver." *Id*. at 343. A "knowing and intelligent waiver" may not be "easily evaded" merely by raising an ineffective assistance of counsel claim. *Id*. at 344. Where a defendant knowingly and voluntarily agrees to a waiver, despite alleged ineffective assistance of counsel, "the guilty plea sustains the conviction and sentence and the waiver can be enforced." *Id*. at 343-44.

As noted above, the petitioner's guilty plea was knowingly and intelligently entered, and he knowingly and voluntarily waived his right to appeal and to collaterally attack his sentence. Petitioner did not contend, however, that this alleged ineffective

assistance of counsel caused his earlier decision to plead guilty to be either unknowing or involuntary. As such, the provision in the petitioner's Plea Agreement which waived § 2255 relief is enforceable. *White*, 307 F.3d at 343.

This is so even though the Plea Agreement contained a provision regarding ineffective assistance of counsel, which provided as follows:

> Nothing in this paragraph shall act as a bar to the defendant perfecting any legal remedies he may otherwise have on appeal or collateral attack respecting claims of ineffective assistance of counsel.

Plea Agreement, p. 2, ¶ 4.

This language does not give the petitioner an unconditional right to assert any claims for ineffective assistance of counsel he desires to make, but only such claims as he may "otherwise have." Petitioner validly waived his right to attack his sentence, except for the three circumstances described in the Plea Agreement. None of these circumstances apply here. This waiver applies even if brought in the guise of an ineffective assistance of counsel claim. *White*, 307 F.3d at 341-44; *Williams v. United States*, 396 F.3d 1340, 1342 (11th Cir. 2005), *cert. denied*, 546 U.S. 902, 126 S.Ct. 246 (2005)(holding that a valid sentence-appeal waiver, entered into voluntarily and knowingly, pursuant to a plea agreement, precludes the defendant from attempting to attack, in a collateral proceeding, the sentence through a claim of ineffective assistance of counsel during sentencing); *Garcia-Santos v. United States*, 273

F.3d 506, 508-09 (2d Cir. 2001) (same); *Davila v. United States*, 258 F.3d 448, 451-52 (6th Cir. 2001) (same); *United States v. Cockerham*, 237 F.3d 1179, 1183-87 (10th Cir. 2001) (same); *Mason v. United States*, 211 F.3d 1065, 1069-70 (7th Cir. 2000) (same).

**RECOMMENDATION**

It is the recommendation of the magistrate judge that the petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody be denied.

Baton Rouge, Louisiana, December 6, 2013.

_____
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE