UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                    CRIMINAL ACTION

VERSUS

ARNOLD H. THOMAS                            NO: 11-00008-BAJ-SCR

ORDER

Before the Court is Petitioner, Arnold H. Thomas's, **Motion for Compulsory Counterclaim Pursuant to Fed. R. Civ. P. 13(a)[1] (Doc. 61)**. On October 26, 2011, Petitioner pleaded guilty to wire fraud and aggravated identity theft. (Doc. 21). On March 20, 2012, Petitioner was sentenced to terms of imprisonment and supervised release, and ordered to pay special assessments of $200 and restitution to the Louisiana Workforce Commission in the amount of $1,254,533.00. (Doc. 26). On January 2, 2014 and February 24, 2014, Petitioner filed pro se motions styled "Motion/Request for Restitution and Court Fees to be Temporarily Placed on Hold or State of Abeyance." (Docs. 45, 47). On May 1, 2014, the Court denied such motions as meritless because Petitioner's financial condition was substantially the same as it

---

[1] The Counterclaim, which was filed April 27, 2017, is brought against the Clerk of Court and the United States (the "Trustees"). (Doc. 61). In the Counterclaim, Petitioner asserts that he has "suffered injury by [the Trustees'] non-disclosure of material facts with the creation and securitization of [his] res-property, *i.e.*, bid bonds, performance bonds, payment bonds, and associated registered and un-registered securities . . . without even the most minimal disclosure to [him]." (Doc. 61 at p. 3). Petitioner further asserts that the Trustees were unjustly enriched "with [their] failure to satisfy a liability and debt incurred by [Petitioner], resulting in injury with [Petitioner] being held and confined as surety property for said liability and debt, violating [Petitioner's due process rights], in what most would conclude as peonage, involuntary servitude and or debtors prison." (*Id.*).

1

was at the time the Court ordered him to pay restitution. (Doc. 48 at p. 2). On March 11, 2016, Petitioner filed pro se pleadings styled "Non-Negotiable Notice of Acceptance and Demand for Administrative Set-Off" and "Notice of Explicit Reservations of All Rights." (Docs. 49, 50). The United States filed a response. (Doc. 53). Subsequently, on April 27, 2017, Petitioner filed a Compulsory Counterclaim pursuant to Federal Rule of Civil Procedure 13(a). (Doc. 61). In the March 11, 2016, pleadings and the counterclaim, Petitioner requests a discharge of his monetary obligations under the Judgment entered in his case. (Doc. 49 at p. 1; Doc. 50 at p. 1; Doc. 61 at p. 2).

"[C]riminal proceedings in the United States district courts are governed by the Federal Rules of Criminal Procedure, Fed.R.Crim.P. 1, and not the Federal Rules of Civil Procedure." *United States v. Bermea-Cepeda*, 310 F. App'x 690, 691 (5th Cir. 2009) (citing *United States v. Early*, 27 F.3d 140, 142 (5th Cir. 1994)); *see also United States v. McDorman*, 305 F. App'x 187, 189 (5th Cir. 2008). Therefore, Petitioner's motion under Fed. R. Civ. P. 13(a) is an unauthorized action which the Court is without jurisdiction to consider. *See Bermea-Cepeda*, 310 F. App'x at 691. Furthermore, although recast as a counterclaim, at bottom, the Petitioner is proceeding to do precisely the same thing the Court rejected in his 2014 pleadings, that is, set-off and discharge his debt. Therefore, the Court denies Petitioner's motion as it is not the proper procedural device to assert such claims.

Accordingly,

**IT IS ORDERED** that the **Motion for Compulsory Counterclaim (Doc. 61)** is **DENIED**.

Baton Rouge, Louisiana, this _15th_ day of November, 2017.

**BRIAN A. JACKSON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**